IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD G. JOHNSON, : 
  : 
    Plaintiff, : 
  : 
v. : Civ. No. 10-718-LPS
  : 
ONE UNKNOWN FEMALE OFFICER, et al., : 
  : 
    Defendants. : 

---

Ronald G. Johnson, Central Violation of Probation Center, Smyrna, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

March 29, 2011
Wilmington, Delaware

[signature] 
**Stark, District Judge:**

## I. INTRODUCTION

Plaintiff Ronald G. Johnson ("Johnson"), an inmate at the Central Violation of Probation Center in Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

Johnson alleges that on August 12, 2010, he was stopped and detained by two Wilmington Police Officers without probable cause or reasonable bases. Later, it was discovered that Johnson had an outstanding capias for missing a court date on an assault charge. Johnson states that he was waiting until he was paid to turn himself him in, so he could then "deal with the issue." He alleges that, as a result of the illegal stop, he is jailed. At the time the Complaint was filed, Johnson's court date was set for October 7, 2010. Johnson seeks monetary damages.

## III. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, \_\_\_U.S.\_\_\_, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare

recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *See id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## IV. DISCUSSION

Johnson alleges in a conclusory manner that he was stopped and detained without probable cause or reasonable bases. He alleges this resulted in a lengthy jail stay due to an outstanding capias.

Initially, the Court notes that Johnson's allegations do not meet the pleading standards of *Iqbal* and *Twombly*. The facts, as alleged, are insufficient to show that Johnson has a plausible claim for relief. Of note is that Johnson admits that, when he was stopped and detained, there was an outstanding capias for his arrest. To the extent Johnson alleges an unlawful arrest, a

3

reasonable jury could not find that Plaintiff's Fourth Amendment rights were violated because he was arrested pursuant to a lawful warrant. "Police officers acting pursuant to a facially valid warrant generally are deemed to have probable cause to arrest." *Garcia v. County of Bucks*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001). Even if the arresting officers did not have the capias in his or her possession at the time of arrest, the arrest was not unlawful. *See United States v. Leftwich*, 461 F.2d 586, 592 (3d Cir. 1972). Indeed, it is clearly established that police officers have the right to make an arrest in sole reliance on a radio report that an arrest warrant is outstanding for the suspect. *See Whiteley v. Warden*, 401 U.S. 560, 568 (1971) ("We do not, of course, question that the police were entitled to act on the strength of the radio bulletin.").

Johnson's claims have no basis in law or fact.[2] Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## VI. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order follows.

---

[2]Johnson's claims against the Wilmington Police Department and the State of Delaware also fail. There are no allegations of municipal liability. A municipality may only be held liable under § 1983 for monetary damages and prospective relief when the execution of a government's policy or custom inflicts the injury. *See Los Angeles County, Cal. v. Humphries*, ___ U.S.___, No. 09-350, 2010 WL 4823681 (Nov. 30, 2010); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). In addition, Johnson's claim against the State of Delaware is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).